# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE CEBALLOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-CV-607-GKF-PJC |
| JULIA O'CONNELL, Federal Public Defender, and JERRY PIERCE, U.S. Marshal, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court upon George Ceballos' ("Mr. Ceballos") motion to reconsider (Dkt. #30) the court's Orders (Dkt. #20, 28) dismissing his claims against each defendant for lack of subject matter jurisdiction.

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs,*, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.*; *see Syntroleum Corp.*, 2009 WL 761322 at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul*, 2006 WL 3447629, at *1.

Mr. Ceballos' appears to argue in his motion this court has federal question jurisdiction over this case pursuant to the RICO statute. 18 U.S.C. §1961, *et seq*. The court has reviewed Mr. Ceballos' complaint and it cannot be liberally construed to raise a RICO claim. Even if it did, any potential RICO claims do not overcome the immunity of both defendants which this court recognized in its previous Orders. (Dkt. #20, 28). Mr. Ceballos fails to argue any grounds upon which he can overcome the court's lack of subject matter jurisdiction for failure to exhaust administrative remedies under the Federal Tort Claims Act, and therefore his Motion to Reconsider (Dkt. #30) is denied.

WHEREFORE, the Motion to Reconsider (Dkt. #30) of Mr. Ceballos is denied.

**IT IS SO ORDERED** this 1st day of April, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma